UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Comm'r of Soc. Sec. Admin., <br><br> Defendant. | Case No. 19-cv-07274-JSC <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 18, 23 |

Plaintiff seeks social security benefits for a combination of physical impairments including carpal tunnel syndrome, tennis elbow, bursitis, high blood pressure, and numbness in both arms. In accordance with 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying her benefits claim. Under 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a magistrate judge, (Dkt. Nos. 9, 11), and moved for summary judgment. (Dkt. Nos. 18, 23.) Because the Administrative Law Judge erred in his evaluation of the medical evidence in a manner which the Court cannot conclude was harmless, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross-motion for summary judgment, and remands for further proceedings consistent with this Order.

## BACKGROUND

On August 10, 2016, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of August 1, 2014. (Administrative Record ("AR") 21, 181–90, 307–08.) At the time of the alleged disability onset date, Plaintiff was 54 years of age. (AR 330.) She is a high school graduate, lives alone, is self-reliant, and her recorded weight and height put her in the range of extreme obesity. (AR 27, 158–60, 569, 714.) Plaintiff has an extensive work history dating back to 1979, (AR 325), and her past work experience includes various assembly jobs and work as a department store sales representative. (AR 345.) After her applications were denied initially and upon reconsideration,

she submitted a written request for a hearing and Administrative Law Judge ("ALJ") Thomas J. Gaye held a hearing on April 19, 2018, but concluded the hearing before any substantive testimony because the available administrative record incorrectly included exhibits pertaining to non-parties and did not include all of Plaintiff's relevant medical records. (AR 133–51.) After the administrative record was corrected, the ALJ scheduled a new hearing for August 10, 2018. Prior to the new hearing date, Plaintiff submitted or informed the ALJ about additional written evidence, but the ALJ declined to admit this additional evidence because it was submitted less than five business days before the scheduled hearing date and thus, did not meet the requirements of 20 C.F.R. 404.935(b). (AR 21.) The ALJ held a hearing on August 10, 2018. (AR 152–80.)

The ALJ issued a decision on October 19, 2018, and determined that Plaintiff had the severe impairments of carpal tunnel syndrome, lateral epicondylitis (tennis elbow), osteoarthritis, and obesity. (AR 24.) Further, the ALJ found that these severe impairments "significantly limit[ed] the ability [of Plaintiff] to perform basic work activities . . . ." (AR 24.) But, the ALJ concluded that these severe impairments—considered individually and in combination—did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 24.) The ALJ then determined Plaintiff had the residual functional capacity ("RFC") to:

> perform light work . . . except fine and gross manipulation of both hands frequently; frequent reaching with the right side; occasional climbing of ladders, ropes, or scaffolds; frequent climbing of ramps and stairs; occasional crawling; and frequent balancing, stooping, kneeling, and crouching.

(AR 24, 27.) Based on this RFC, and in light of the vocational expert's testimony, the ALJ found that Plaintiff could perform her past work as a department store sales representative, a light semi-skilled occupation, and therefore was not disabled. (AR 30.)

Plaintiff filed a request for review with the Appeals Council that was denied, making the ALJ's decision final. (AR 1–6.) Plaintiff thereafter sought review in this Court. (Dkt. No. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment, which are now ready for decision without oral argument. (Dkt. Nos. 18, 23.)

**LEGAL STANDARD**

Claimants are considered disabled under the Social Security Act if they meet two

requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that they are unable to do their previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In determining disability, an ALJ employs a five-step sequential analysis, examining:

> (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity, the claimant can still do his or her past relevant work; and (5) whether the claimant can make an adjustment to other work.

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). Where evidence is "susceptible to more than one rational interpretation," a reviewing court must uphold the ALJ's findings. *Id.* In other words, "[i]f the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the [ALJ]." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). But, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.*

## DISCUSSION

Plaintiff contends the ALJ erred by rejecting the more restrictive limitations opined by her treating physicians, and her examining physician, Dr. Sharma. In a nutshell, among other issues, she challenges the ALJ's determination that (1) she is limited in reaching with her right side, yet

3

has no limitations with her left, (2) is limited only to frequent manipulation with both hands, and (3) would not be required to miss at least four days of work a month. Plaintiff also contends the ALJ erred in rejecting her testimony.

**A. The Reaching Limitation**

Examining physician Dr. Sharma prognosticated that Plaintiff was limited to occasionally "reaching overhead above the shoulder with both arms." (AR 28, 570.) Similarly, consultative non-examining physician Dr. DeSouza stated that Plaintiff has "limited bilateral reaching." (AR 28, 187.) Her treating hand surgeon Dr. Fox opined Plaintiff was limited to occasionally reaching overhead with her left arm, but could continuously reach with her right. (AR 877.) Workers compensation treating hand surgeon Dr. Pertsch found that Plaintiff has a one-pound right-side restriction. (AR 29, 534.) Similarly, treating primary care physician Dr. Mokaya found that Plaintiff can "rarely" engage in handling, fingering, feeling, pushing, or pulling with the bilateral upper extremities. (AR 29, 1072.)

The ALJ nevertheless rejected any limitation on left side reaching as not consistent with the medical evidence. In particular, the ALJ stated that Plaintiff "has only mild lateral epicondylitis on the left, which does not support the need for a reaching limitation on the left side," and because the "lack of objective evidence of a shoulder impairment to support the consultative examiner's assessment of bilateral shoulder tendonitis causing reaching limitations." (AR 28.) This finding was error.

In assessing medical opinion evidence, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non[-]examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "[T]he opinion of an examining [physician], even if contradicted by another [physician], can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the

4

ALJ "must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31 (internal quotation marks omitted).

The ALJ did not identify any physician's opinion that contradicted Dr. Sharma's finding of no lifting restrictions (or the treating physicians' more extreme restrictions); thus, clear and convincing reasons were required. *Lester*, 81 F.3d at 830–31. Even under the assumption that Dr. Swami's lack of any left-side reaching limitation could be considered a contradictory opinion—although not identified as such by the ALJ—the ALJ was still required to provide specific and legitimate reasons supported by substantial evidence. *Id.* The ALJ failed to do so.

First, as a non-examining physician, Dr. Swami's opinion alone cannot constitute the required substantial evidence. *Id.* at 831. Second, the ALJ states that mild lateral epicondylitis means Plaintiff cannot be limited in her left side reaching, however, the ALJ does not cite anything in the record to support that conclusion. "An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . [,] and he must not succumb to the temptation to play doctor and make [his] own independent medical findings. Rather, the ALJ's RFC determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician." *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (internal quotation marks and citation omitted). The ALJ's determination alone contradicted that of the treating and examining physicians. And, he did not identify anything, other than his own interpretation of the medical evidence, to support his contrary determination. If the ALJ suspected that Plaintiff's mild lateral epicondylitis pointed toward a greater functional capacity than that indicated by Dr. Sharma, "the ALJ should have consulted a qualified medical expert to attempt to confirm or dispel [his] suspicion." *Cartwright-Ladendorf v. Berryhill*, No. 17-CV-1920-BAS-JMA, 2018 WL 4252132, at *8 (S.D. Cal. Sept. 6, 2018). The ALJ's own lay judgment as to whether a patient with mild lateral epicondylitis would have a reaching limitation is not substantial evidence.

Although this issue was squarely raised by Plaintiff's summary judgment motion, Defendant's cross-motion does not address it; instead, Defendant contends that any error with respect to omitting this limitation from the RFC was harmless. (Dkt. No. 23 at 5.) In particular,

Defendant insists that even if the ALJ accepted Dr. Sharma's limitation of occasional bilateral overhead reaching, the record would still support the ALJ's finding that Plaintiff could perform her past relevant work of department store sales representative. The DOT Listing for department store sales representative requires frequent handling, fingering, and reaching, but does not further define the type of reaching required. *See* DOT Listing No. 290.477-014. Dr. Sharma limited Plaintiff to occasional *overhead* reaching and Defendant cites *Gutierrez v. Colvin*, for the proposition that it is common sense knowledge that one can work as a cashier, or department store sales representative, without engaging in frequent overhead reaching. 844 F.3d 804, 808–09 (9th Cir. 2016).

The Court is not persuaded that the ALJ's error in rejecting the limitation of occasional overhead reaching was not material to his finding that Plaintiff could perform her past work as a department store sales representative.

> The ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations. The Dictionary of Occupational Titles ("Dictionary"), a resource compiled by the Department of Labor that details the specific requirements for different occupations, guides the analysis. If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the Dictionary, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled.

*Gutierrez v. Colvin*, 844 F.3d 804, 806–07 (9th Cir. 2016). In *Gutierrez*, the vocational expert opined that the claimant could work as a cashier based on the proposed RFC, which included the inability to reach above shoulder level. *Id.* at 807. On appeal, the claimant argued that because the DOT definition "specifies that cashiers must engage in frequent 'reaching,' the ALJ erred at step five by not asking the expert more specific questions regarding her ability to perform the job given that she can't reach overhead with her right arm." *Id.* The Ninth Circuit rejected this argument and held that the ALJ's step five finding was supported by substantial evidence:

> [T]he ALJ didn't err because there was no apparent or obvious conflict between the expert's testimony that [claimant] could perform as a cashier, despite her weight bearing and overhead reaching limitations with her right arm, and the Dictionary's general statement that cashiering requires frequent reaching. While "reaching" connotes the ability to extend one's hands and arms "in any direction," . . . not every job that involves reaching requires the ability to reach overhead. Cashiering is a

> good example.
>
> According to the Dictionary, "frequent reaching" is required of both cashiers and stock clerks. But anyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to. To be sure, an ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the Dictionary, but the obligation doesn't extend to unlikely situations or circumstances. Had the expert opined that [claimant] could stock shelves or wash windows, the conflict would have been apparent and obvious, and the ALJ would have needed to follow up with more specific questions. But where the frequency or necessity of a task is unlikely and unforeseeable—as it is with cashiers having to reach overhead—there's no similar obligation.
>
> Given how uncommon it is for most cashiers to have to reach overhead, we conclude that there was no apparent or obvious conflict between the expert's testimony and the Dictionary. The requirement for an ALJ to ask follow up questions is fact-dependent. While we acknowledge that there may be exceptional circumstances where cashiers have to reach overhead, this case doesn't present any. Responding to the ALJ's hypothetical question that specifically accounted for [claimant's] limitations, the expert eliminated all jobs that would have required weight bearing and overhead reaching with her right arm, identifying a single job she could perform despite her limitations. The ALJ was entitled to rely on the expert's "experience in job placement" to account for "a particular job's requirements," . . . and correctly did so here.

*Id.* at 808–09 (citations omitted).

Here, unlike *Gutierrez*, the ALJ's hypothetical question to the vocational expert did not account for Plaintiff's potential limitations: the issue here is the ALJ's rejection of the bilateral overhead reaching limitation. Thus, the ALJ could not rely on the expert's "experience in job placement" because the expert was not asked to use that experience to opine whether a claimant who is limited to only occasional reaching with both arms can perform the department store sales representative position. Further, it is not obvious that a department store sales representative only engages in occasional overhead reaching. (Dkt. No. 24 at 3.) *See Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) ("Contrary to the facts in *Gutierrez*, we cannot say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to handle, finger and feel with the left hand could perform his duties."). Thus, the ALJ's error was not harmless.

**B. Other Issues**

7

As the ALJ erred in his weighing of the medical evidence as to the reaching limitation, and as the Court cannot conclude as a matter of law that the error is not material to the ALJ's step four determination, this action must be remanded. The Court declines to consider Plaintiff's additional arguments and notes that many of those arguments touch on whether an ALJ can reject the opinions of treating and examining physicians based on the ALJ's own bare judgment as to what medical findings in the record mean, an issue resolved by this Order.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross-motion for summary judgment.

This Order disposes of Docket Nos. 18 and 23.

**IT IS SO ORDERED.**

Dated: February 9, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge